**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL NO. 494, AFL-CIO, Respondent.**

No. 6676.

United States Court of Appeals Tenth Circuit.

Oct. 20, 1961.

1. Hereinafter called the Board.

2. Hereinafter called the Act.

Melvin J. Welles, Atty., N.L.R.B., Washington, D. C. (Stuart Rothman, Gen. Counsel, N.L.R.B., Dominick L. Manoli, Associate Gen. Counsel, N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., and Glen M. Bendixsen, Atty., N.L.R.B., Washington, D. C., were with him on the brief), for petitioner.

No appearance or brief for respondent.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

This matter is before the court upon the petition of the National Labor Relations Board,[1] seeking enforcement of its order entered in a proceeding under § 10 (e) of the National Labor Relations Act,[2] as amended, 29 U.S.C.A. § 160(e), against the International Association of Bridge, Structural and Ornamental Iron Workers, Local No. 494, AFL-CIO.[3]

The Board found that the Union had violated § 8(b) (2) and § 8(b) (1) (A) of the Act, 29 U.S.C.A. § 158(b) (2) and § 158(b) (1) (A), by causing the Spiegelberg Lumber and Building Company [4] to discharge its employee, Guy W. Jones, because he had accepted higher wages and other employment benefits offered him by Spiegelberg as an inducement to keep him in its employ.

The Union did not file a brief and did not appear at the hearing of the case in this court. We are of the opinion that the ultimate finding of the Board and the subsidiary findings which fully support it are supported by substantial evidence on the record considered as a whole. In-

3. Hereinafter called the Union.

4. Hereinafter called Spiegelberg.

deed, we are of the opinion that the findings are amply supported by the credible evidence and are correct.

The Board entered the usual cease and desist order and directed the Union to make Jones whole for any loss of wages he may have sustained as a result of such unfair labor practices; to notify Spiegelberg that it had no objection to the employment by it of Jones; and to post the usual notice.

We conclude that the order of the Board was proper and an appropriate decree will be entered, directing its enforcement.